■ KATARZYNA MOORE, Respondent, v MICHAEL B. MOORE, Appellant. [33 NYS3d 917]—

Aarons, J. Appeal from an order of the Family Court of Essex County (Heussi, S.M.), entered October 24, 2014, which, upon referral of the matter from Supreme Court, determined defendant's child support obligation and awarded maintenance to plaintiff.

In the instant divorce action, plaintiff (hereinafter the wife) and defendant (hereinafter the husband) initially stipulated to a temporary order directing that the husband would pay monthly child support in the amount of $2,000 and monthly spousal maintenance in the amount of $1,000. The wife subsequently moved for a pendente lite award of counsel fees and the husband cross-moved for a downward modification of his child support and spousal maintenance obligations. Supreme Court, pursuant to Family Ct Act § 464 (a), referred the husband's cross motion to Family Court for a determination. A hearing was held before a Support Magistrate, who, in October 2014, issued an order determining the husband's child support obligation to be $1,923 per month and his spousal maintenance obligation to be $1,000 per month.

The husband's appeal from the Support Magistrate's October 2014 order must be dismissed. No appeal lies from an order of a Support Magistrate where the complaining party failed to file timely objections thereto (*see Matter of Rooney v Rahman*, 132 AD3d 1002, 1002 [2015]; *Matter of Glenda C. v Wayne C.*, 100 AD3d 430, 430 [2012]; *Matter of Dambrowski v Dambrowski*, 8 AD3d 913, 914 [2004]). Here, it is undisputed that the husband did not file any objections with respect to the October 2014 order. The husband instead filed a notice of appeal in response to the Support Magistrate's directive in the order stating, "AN APPEAL AS OF RIGHT SHALL BE TAKEN BY FILING THE ORIGINAL NOTICE OF APPEAL WITH THE CLERK OF THE FAMILY COURT IN WHICH THE ORDER WAS MADE AND FROM WHICH THE APPEAL IS

TAKEN." Contrary to the husband's argument, his reliance and ensuing actions taken based on this erroneous directive do not confer jurisdiction upon this Court (*see Brownstein v County of Westchester, Dept. of Parks, Recreation & Conservation*, 51 AD2d 792, 792 [1976]).

McCarthy, J.P., Rose, Devine and Clark, JJ., concur. Ordered that the appeal is dismissed, without costs.